**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 23 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CORNELIUS CARPENTER,

    Defendant - Appellant.

No. 04-7056

(D.C. No. CR-03-117-WH)

(N.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **McKAY**, and **HARTZ**, Circuit Judges.

---

Defendant Cornelius Carpenter was convicted on one count of distribution of cocaine and one count of possession with intent to distribute cocaine. He appeals the district court's denial of his motion to suppress the evidence obtained as a result of a warrant issued to search his house. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

I. **BACKGROUND**

Defendant was the subject of an undercover drug-enforcement operation involving Agent Johnson of the Wagoner County, Oklahoma, District Attorney's office. On August 14, 2003, Johnson accompanied R.D.B., an informant, to Defendant's house and after being introduced to the Defendant by R.D.B., personally purchased .92 grams of cocaine base from Defendant. On September 4, 2003, Byron Robinson, after being arrested for selling drugs, told Johnson that Defendant was selling crack cocaine. The next day, Johnson obtained a search warrant for Defendant's residence. The affidavit supporting the warrant alleged that Robinson had informed Johnson that he had seen Defendant sell crack cocaine and believed Defendant kept the drugs in a pill bottle. It further stated that Johnson had personally negotiated a drug sale with Defendant:

> Cornelius came from the residence directly to where I was at to talk with me about the drug sale. I gave Cornelius Carpenter one hundred dollars and in return he gave me a rock substance identified by him as crack cocaine. . . . I submitted the substance I purchased from Cornelius to the O.S.B.I. lab and it tested positive for the presence of cocaine.

Aplt. Br., App. at 27. During the search of Defendant's residence, law enforcement officers seized 9.48 grams of cocaine and five firearms.

In a pretrial motion to suppress the evidence procured in the search, Defendant argued that the warrant was not supported by probable cause and that the information in the affidavit was stale. The magistrate judge denied the motion,

concluding that the affidavit established "a substantial basis for determining that there was a fair probability that contraband or evidence of criminal activity would be found in Defendant's residence," based on Johnson's purchase of cocaine from Defendant near his residence. *Id*. at 30. The magistrate judge further concluded that the information was not stale because the passage of 22 days from the time of the purchase until the date of the warrant was not unreasonable. The district court adopted the magistrate judge's findings. Defendant now appeals the denial of his motion to suppress.

## II. **DISCUSSION**

A judge's task in assessing whether probable cause exists to issue a search warrant

> is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Illinois v. Gates*, 462 U.S. 213, 238 (1983). "[A] magistrate judge's decision to issue a warrant is entitled to great deference from the reviewing court. Accordingly, we need only ask whether, under the totality of the circumstances presented in the affidavit, the magistrate judge had a substantial basis for determining that probable cause existed." *United States v. Tuter*, 240 F.3d 1292, 1295 (10th Cir. 2001) (internal citations and quotation marks omitted); *see also*

*Gates*, 462 U.S. at 238-39. Probable cause exists when the affidavit "sets forth facts that would lead a prudent person to believe there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Basham*, 268 F.3d 1199, 1203 (10th Cir. 2001), *cert. denied*, 535 U.S. 945 (2002). When reviewing the district court's denial of a motion to suppress, we view the evidence in the light most favorable to the government and accept the district court's findings of fact unless they are clearly erroneous. *Id*. But the ultimate determination of reasonableness under the Fourth Amendment is reviewed de novo. *Id.*

Defendant now argues that the affidavit was insufficient to supply probable cause because it did not provide any indicia of informant reliability. But Defendant disregards the officer's statement that he directly purchased cocaine from Defendant. That an officer purchased drugs from the suspect is itself sufficient probable cause to support a warrant independent of the informant's allegations. *Cf. United States v. Artez*, 389 F.3d 1106, 1115 (10th Cir. 2004) (probable cause shown by affidavit recounting two controlled buys through an unwitting informant and officer surveillance corroborating confidential informant's tip that Defendant sold methamphetamine).

Defendant alludes to inconsistencies between Johnson's statement in his affidavit that he had personally purchased cocaine from Defendant and the

informant's testimony at trial that Johnson had remained in the car while he went into Defendant's residence to make the purchase. But there is no indication in the appellate record (and no allegation in Defendant's brief) that Defendant argued in district court that Johnson's statement about his purchase from Defendant should be disregarded on the ground that it was intentionally or recklessly false. *See Franks v. Delaware,* 438 U.S. 154 (1978). We therefore need not address whether the affidavit would suffice without that statement. *See United States v. Abdenbi*, 361 F.3d 1282, 1289 (10th Cir. 2004) ("The well-settled law of this circuit is that issues not raised in district court may not be raised for the first time on appeal.").

Accordingly, we AFFIRM the district court's denial of Defendant's motion to suppress.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge